**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Timothy Kevin Owens, | ) | |
| Petitioner, | ) | CV-14-2443-TUC-DCB |
| v. | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| Respondents. | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus (Doc. 1). Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 36). The Magistrate Judge recommends to the Court that relief may be granted as to one claim with denial of the remaining claims. The Petitioner filed Objections (Doc. 37) and the Respondents filed a Reply (Doc. 38).

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**PETITIONER'S OBJECTIONS**

Petitioner generally objects to all of the legal and evidentiary conclusions contained in the Report and Recommendation: (1)finding preclusion as to grounds 9-13, 15-18, 19-22 (Doc. 37 at 1, 7, 10, 11, 13); (2) finding procedural default (Doc. 37 at 2); (3) failure to conduct an evidentiary hearing (Doc. 37 at 3); and, (4) finding claim 7 did not have a reasonable likelihood of success (Doc. 37 at 6).

**DISCUSSION**

The Court finds that the Report and Recommendation is thorough and well-considered.  The Respondents have no Objections to the Report and Recommendation.  Petitioner's Objections reiterate all of the original claims with no additional specific examples of error.

> Owens was convicted in the Superior Court of Pima County of twenty-two felonies: illegally conducting an enterprise, conspiracy to commit unlawful possession and/or transportation of a dangerous drug for sale, six counts of possession of a dangerous drug for sale, possession of a dangerous drug, possession of a motor vehicle with an altered serial number or identification number, possession of a deadly weapon during the commission of a felony drug offense, possession of drug paraphernalia, three counts of use of a wire communication in a drug-related transaction, attempted unlawful use of a means of transportation, first-degree burglary, kidnapping, two counts of soliciting threats and intimidation, solicitation to commit kidnapping, and solicitation to commit first-degree murder. (Doc. 13, Ex. UU at 1-2.)

(R&R at 1-2.)

The R&R was resolved without a hearing and this Court agrees that none was required. (R&R at 47.)  The R&R properly found that Claims 2, 3, 5, 6, 9-18, and 20 are procedurally defaulted. (R&R at 14.)  This Court agrees that: Claim 1 is barred from review; Claims 2, 3, 5, 6, 9-13, 15-18, and 20 are procedurally defaulted and Petitioner has not established cause and prejudice or a fundamental miscarriage of justice

to overcome the defaults; Claims 6, 11, 20, and the in effective assistance of counsel (IAC) portions of Claims 9, 12, 13, and 15-18 fail on the merits; Claims 4, 7, and 8 are properly exhausted but lack merit; and, Claims 19, 21 and 22 are not legally cognizable, in part, and lack merit, in part. The Court will adopt the R&R and will deny Claims 1-13 and 15-22.

The Court will also adopt the recommendation that Claim 14 is procedurally defaulted, but that Petitioner has established cause and prejudice to overcome the default. The Court finds Petitioner is entitled to relief on Claim 14. This Court will grant the writ as to this claim, which results in overturning the conviction and sentence on Count 7[1] of the Indictment, as follows:

> The Arizona Court of Appeals holds that when a defendant is sentenced twice for the same offense, one of the sentences must be vacated even if they were imposed concurrently and did not increase the length of imprisonment. *See State v. Brown*, 177 P.3d 878, 882-83, 217 Ariz. 617, 621-22 (Ct. App. 2008).
>
> In finding that the underlying claims of trial and appellate IAC are meritorious, the Court necessarily finds that PCR counsel was deficient in failing to raise these substantial claims. *See Detrich v. Ryan*, 740 F.3d 1237, 1245-46 (9th Cir. 2013). Therefore, there is cause to excuse the default of the IAC portion of Claim 14. *Id.* And, the Court finds it
> wins on the merits.

(R&R at 28.)

---

[1] Petitioner alleged trial and appellate counsel were ineffective for failing to raise the prohibition against double jeopardy as to Count 33, which became Count 7 in the indictment presented to the jury. The court entered judgment on Count 7 as possession of a dangerous drug for sale committed on November 7, 2004, not importation. (Doc. 13, Ex. MM at 4-5.) The court entered judgment for the same crime as to Count 8. (*Id.* at 5.) Ultimately, the Court sentenced Petitioner twice for these duplicate offenses, not for one count of possession and one count of importation. (*Id.* at 14; Ex. NN at 6-7.) Petitioner's sentences for Counts 7 and 8 constitute multiple punishments for the same offense, which is unquestionably precluded by the double jeopardy clause. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). (Doc. 36 at 26-27.)

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 36) in its entirety. The Objections (Doc. 37) raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED** on all claims but for claim 14. The Petition is **GRANTED** on claim 14, thereby overturning the conviction and sentence on Count 7 of the state court Indictment.[2] This action is remanded to the state court for resentencing based on this Order. Clerk's Office to enter Judgment.

DATED this 17th day of June, 2016.

David C. Bury
United States District Judge

---

[2] After a 7-day jury trial, the state court jury convicted Petitioner of all 22 counts alleged in the indictment. (Exhibit JJ; Exhibit EE, at 37-44.) The jury also found all of the state's sentencing enhancement allegations true, beyond a reasonable doubt. (*Id.*) On February 12, 2007, the state trial court sentenced Petitioner to six concurrent life sentences without parole eligibility for 25 years (Counts 3, 7-8, 19-21) and 16 lesser prison terms, which ran concurrently with the life sentences. (Exhibit NN; Exhibit MM, at 13-18.) (Doc. 13 at 23.) Thus, the result here is that, in all likelihood, Petitioner will serve five rather than six concurrent life sentences without parole eligibility for 25 years.